UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IVAN J. SMITH,

        Petitioner,

  v.

JARROD ROBINSON, Warden,
Southeastern Correctional Institution,

        Respondent.

Case No. 2:20-cv-1382
Chief Judge ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers

## ORDER ON REPORT AND RECOMMENDATION

Petitioner Ivan J. Smith seeks a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1.) On June 14, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed (ECF No. 20.) On July 19, Petitioner filed Objections (ECF No. 27, PageID 952.) For the reasons below, the Court **ADOPTS** the Report and Recommendation and **DENIES** the Petition.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Report sets forth the factual background and procedural history up to its issuance (ECF No. 20, PageID 832-38.) The Court incorporates that discussion by reference. On June 7, 2021, Petitioner filed a fourth Motion for Extension of Time to file a Traverse (ECF No. 21, PageID 859.) The Magistrate Judge denied the Motion, stating that "Petitioner may preserve any additional arguments for consideration by the Court through the submission of objections to the Report and Recommendation." (Order, ECF No. 22, PageID 861.) Petitioner filed his entire

Traverse, with exhibits, in his Objections (ECF No. 27, PageID 877-954; ECF No. 27-1, PageID 955-1011.)

In the Report, the Magistrate Judge recommended denying all seven claims for relief. As to Claim One, in which Petitioner claimed that the admission of prior conviction evidence constituted a due process violation, the Magistrate Judge concluded that "[t]his claim does not provide a basis for relief."

> [T]here is no clearly established Supreme Court precedent holding that a state violates due process by permitting propensity evidence in the form of other bad acts evidence. Consequently, even if the trial court's admission of prior-bad-act evidence is viewed as "egregious error," the petitioner cannot meet the mandatory AEDPA showing that the Ohio Court of Appeals' decision rejecting his claim constituted an unreasonable application of Supreme Court caselaw.

(Report, ECF No. 20, PageID 840 (citations omitted).) Similarly, the Magistrate Judge concluded that Claim Three, in which Petitioner claims that his conviction for money laundering is against the manifest weight of the evidence, is not cognizable in habeas. (*Id*. at PageID 841, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).)

As to Claim Two, in which Petitioner claimed that there was insufficient evidence to support his drug possession conviction, the Magistrate Judge noted that the claim had been rejected by the state court (Report, ECF No. 20, PageID 842-44, quoting *State v. Smith*, 5th Dist. Muskingum No. CT2017-0044, 2018-Ohio-2366, ¶¶ 40-52 (Jun. 18, 2018).) Thus, double deference to that decision is required. *First*, the state court decision must be deferred to if any rational trier of fact could have found guilt beyond a reasonable doubt. *Second*, even if "no rational trier of fact could have so found," this Court must still defer to the state court sufficiency determination so long as it is not unreasonable. (*Id*. at PageID 845, quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).) "Construing this evidence in the light most favorable to the prosecution, the evidence is constitutionally sufficient to sustain Petitioner's conviction on

possession of drugs." (*Id*.)  As to Claim Five, the Magistrate Judge concluded that because there was sufficient evidence to sustain his conviction for money laundering and there was probable cause for a search warrant, it could not have been ineffective assistance of appellate counsel for failing these issues as assignments of error. (*Id*. at PageID 848.)

The Magistrate Judge concluded that Claims Four, Six, and Seven were procedurally defaulted. "In claim four, Petitioner complains that the trial court improperly denied his request for a jury view. Petitioner failed to raise this claim in the Ohio Supreme Court. Further, he may now no longer do so, by application of Ohio's doctrine of *res judicata*." (Report, ECF No. 20, PageID 852, citing *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015); State Court Record, ECF No. 11, PageID 197.)  Similarly:

> Petitioner never presented a claim of prosecutorial misconduct [Claim Six] to the state courts. He first attempted to raise this claim of ineffective assistance of trial counsel [Claim Seven] in his delayed motion for a new trial. The appellate court refused to address the merits of that claim, however, as untimely and barred under Ohio's doctrine of *res judicata*.

(*Id*. at PageID 852-54, quoting *State v. Smith*, 5th Dist. Muskingum No. CT2019-0077, 2020-Ohio-5096, ¶¶ 31, 34-42 (Oct. 28, 2020).)

## II.    LEGAL STANDARD

"A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . The magistrate judge must enter a recommended disposition[.]" Fed.R.Civ.P. 72(b)(1). "[A] party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

### III.  ANALYSIS

#### A.  Objections

Petitioner argues that the Magistrate Judge erroneously stated that the Report had been filed and that his fourth motion for extension was not timely, when in fact the motion was mailed on June 7, 2021, and the Report was not issued until June 14, 2021, three days after the motion was docketed (Objections, ECF No. 27, PageID 871-72.) As Petitioner attached his Traverse and the Court will consider the arguments raised therein as objections, this particular objection is overruled as moot. The Court also takes notice of Petitioner's withdrawal of Claims One and Four. (*Id*. at PageID 872-73.)

#### B.  Traverse

As to Claim Two, Petitioner claims that the trial court erred in denying his motion for judgment of acquittal and that the drug possession conviction was supported by insufficient evidence (Traverse, ECF No. 72, PageID 891-92, citing Ohio Crim.R. 29.[1]) While he argues vehemently in support thereof (*id*. at PageID 892-906), he does not contest the fact that the Ohio Fifth District Court of Appeals considered and rejected this claim. *Smith*, 2018-Ohio-2366 at ¶¶ 40-52. Therein, the appellate court considered the evidence presented and found that it "support[ed] the conclusion that Appellant was able to exercise dominion and control over the

---

[1] In the context of Claim Two, Petitioner argues that the trial court erred in denying him a hearing under *Franks v. Delaware* to contest the search warrant and the supporting affidavit (Traverse, ECF No. 27, PageID 884, citing *Franks*, 438 U.S. 154, 155-56 (1978).) He also claims that the use of anonymous tipsters violates his constitutional right to confrontation. (*Id*. at PageID 885-86, citing U.S. Const. am. VI.) To the extent that these are independent claims, they are procedurally defaulted for failure to fairly present the claims in state court. *Williams*, 792 F.3d at 613.

4

marijuana and hashish and therefore was in possession of drugs[.]" *Id*. at ¶ 51.  This determination was not wholly unreasonable; thus, the Court may not disturb it.  *Brown*, 567 F.3d at 205.

Petitioner attempts to save Claim Three by recasting his manifest weight of the evidence claim as a claim that there was insufficient evidence to support his money laundering conviction (Traverse, ECF No. 27, PageID 911.)  To the extent that this is a new claim, it is procedurally defaulted for failure to present to the state court.  To the extent that it is a continuation of his manifest weight of the evidence claim, it is both non-cognizable and non-meritorious, as the state court reasonably rejected that claim.  *Smith*, 2018-Ohio-2366 at ¶¶ 53-59.

Petitioner's only arguments as to Claim Five are that the ineffective assistance of trial counsel standard set forth in *Strickland v. Washington* is equally applicable to ineffective assistance of appellate counsel claims, and that failure to raise a meritorious claim on appeal may form the basis for an ineffective assistance claim.  (Traverse, ECF No. 27, PageID 919-20, citing *Strickland*, 466 U.S. 668 (1984).)  In the context of Claim Five, Petitioner failed to address the state court conclusion that there was sufficient evidence to sustain his conviction for money laundering.  *Smith*, 2018-Ohio-2366 at ¶¶ 53-59.  Moreover, while Petitioner argued as to Claim Two that the search warrant was based on falsehoods and insufficient evidence, he cannot rebut the caselaw, adeptly set forth by the Magistrate Judge (Petition, ECF No. 20, PageID 848 (citations omitted)), that leads to only one conclusion:  the search warrant, which arose from the officer smelling marijuana during the "knock and talk" with Colleena Johnson, was legal and supported by probable cause.  (*Id*. at PageID 847-48, citing State Court Record, ECF No. 11, PageID 397-98, 400-01, 404-05.)  As the underlying claims were not meritorious, it could not

have been ineffective assistance of counsel not to raise them as assignments of error on appeal, and Petitioner's objections must be overruled as to Claim Five.

Petitioner does not dispute that he procedurally defaulted Claims Six and Seven (Traverse, ECF No. 27, PageID 929-30.)  While he claims a fundamental miscarriage of justice (*id*. at PageID 930-31), he presents no evidence that he is factually innocent of the crimes for which he was convicted, meaning he cannot meet that standard.  *Dufresne v. Palmer*, 876 F.3d 248, 255-56 (6th Cir. 2017), citing *Schlup v. Delo*, 513 U.S. 298, 321 (2005).  Moreover, contrary to Petitioner's argument (Traverse, ECF No. 27, PageID 939-41), the gravamen of the ineffective assistance claim (Claim Seven) was available to him on direct appeal.  Thus, the appellate court's application of *res judicata*, *State v. Smith*, 5th Dist. Muskingum No. CT2019-0077, 2020-Ohio-5096, ¶¶ 39-43, was proper and forecloses review by this Court.  *See, e.g.*, *Coleman v. Mitchell*, 244 F.3d 533, 538-39 (6th Cir. 2001), citing *State v. Perry*, 10 Ohio St. 2d 175 (1967) (holding that the "*Perry* rule" regarding *res judicata* was an adequate and independent state law ground upon which to find a claim procedurally defaulted, and thus, bar its consideration of claims district courts).  Finally, Petitioner does not dispute that he failed to present a claim of prosecutorial misconduct (Claim Six) in the state court; nor does he raise ineffective assistance of appellate counsel as cause for failure to raise the claim (*See* Traverse, ECF No. 27, PageID 931 (listing "[i]neffective assistance of trial counsel, prosecutorial misconduct, and with collusion to suppress evidence, witness misconduct" as potential cause for excusing procedural default).)  Thus, this Court is precluded from reviewing the claim. Accordingly, to the extent that the arguments in Petitioner's Traverse constitute objections to the Report, they are overruled as to all seven claims.

## IV. DISPOSITION

For the foregoing reasons, the Report is **ADOPTED**, Petitioner's Objections are **OVERRULED**, and the Petition is **DENIED**. Judgment shall enter in favor of the Respondent and against Petitioner.

**IT IS SO ORDERED**

**Dated: October 26, 2021**

          **ALGENON L. MARBLEY**
          **CHIEF UNITED STATES DISTRICT JUDGE**